IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BETTY HOSKINSON, INDIVIDUALLY AND AS
SURVIVING SPOUSE OF RONALD HOSKINSON,
DECEASED,

           Plaintiff,

           vs.                          Case No. 11-1190-JTM

HIGH GEAR REPAIR, INC.,

           Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff's Application for Writ of Execution. Specifically, the plaintiff seeks to execute against the personal and real property of the defendant located in Woodward, Oklahoma.

Fed.R.Civ.Pr. 69(a)(1) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

As general rule, under Fed.R.Civ.Pr. 69(a) the proper means to secure compliance with a money judgment is to seek a writ of execution, except where the state enforcement mechanism is preempted

by an applicable federal law.[1] Thus, the Rule requires compliance with the forum state's execution practice and procedures, and the court must must look to Kansas law to determine its authority to order the relief requested by a plaintiff.

This court has recognized "the general rule that a court has no jurisdiction to order a judgment debtor to satisfy a judgment from property located outside the state in which the court sits." *Baxter State Bank v. Bernhardt*, 186 F.R.D. 621, 625 (D. Kan. 1999). Relying on *Elkhart Coop. Equity Exch. v. Hicks*, 16 Kan.App.2d 336, 823 P.2d 223 (1991), Judge Lungstrum held in *Baxter State Bank* that the federal court had "no power" to direct a defendant outside of Kansas to surrender property to satisfy an unpaid judgment. Accordingly, the court denied the plaintiff's request for a writ of execution on property outside Kansas.

In *Elkhart*, the Kansas Court of Appeals held that a Kansas court could not order execution on property in Oklahoma, even though the property had been previously removed from Kansas. The court held that Kansas "has no power to reach property beyond its borders, and [the judgment debtor] cannot be required to bring property located out of state before the Kansas court to surrender for the sheriff for satisfaction of the judgment." 16 Kan.App.2d at 340, 823 P.2d at 226. The court stressed that a Kansas judgment creditor seeking recovery against a nonresident debtor had another option for obtaining relief.

> We have not left the plaintiff without a remedy. Kansas has adopted the Uniform Enforcement of Foreign Judgments Act, K.S.A. [§] 60–3001 et. seq. The State of Oklahoma has adopted the Uniform Foreign Money Judgments Recognition Act, Okla.Stat. tit. 12, §§ 710 et seq. (1981), and it has adopted the Uniform Enforcement of Foreign Judgments Act, Okla.Stat. tit. 12, §§ 720 et seq. (1981). The plaintiff can file the Kansas judgment in the state of Oklahoma and utilize the postjudgment collection procedures available in that state.

---

[1] One example of a federal statute authorizing nationwide execution is 28 U.S.C. § 2413, which provides that a court may authorize such enforcement of a judgment in favor of the United States.

16 Kan.App.2d at 341, 823 P.2d at 226.

Federal law provides for a similar procedure. 28 U.S.C. § 1963 provides:

A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Once a judgment from a United States District Court is registered with a second United States District in another state, the second District Court has jurisdiction to enforce the judgment. *Ohio Hoist Mfg. v. LiRocchi*, 490 F.2d 105 (6th Cir. 1974).

While *Elkhart* has received some criticism, *see Estates of Ungar ex rel. Strachman v. Palestinian Authority*, 715 F.Supp.2d 253 (D.R.I. 2010), it remains the law of Kansas, and under Rule 69(a), the court is obliged to follow Kansas law in issuing writs of execution. *See Sports Unlimited v. Lankford Enterprises*, 275 F.3d 996, 1000-01 (10th Cir.2002) (a decision by the Kansas Court of Appeals is authoritative in federal courts on a question of Kansas law, "even though it [is] decided by the intermediate appellate court of Kansas, not the highest court of the state").

IT IS ACCORDINGLY ORDERED this 30th day of September, 2011, that the plaintiff's Application for Writ (Dkt. 10) is hereby denied.

      s/ J. Thomas Marten
      J. THOMAS MARTEN, JUDGE