IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BETTY HOSKINSON, INDIVIDUALLY AND AS
SURVIVING SPOUSE OF RONALD HOSKINSON,
DECEASED,

        Plaintiff,

        vs.                Case No. 11-1190-JTM

HIGH GEAR REPAIR, INC.,
        Defendant.

MEMORANDUM AND ORDER

Ronald Hoskinson was killed operating an anhydrous ammonia tank while working for his employer, Sallee, Inc. The plaintiff in the present action, Betty Hoskinson, contends that the accident happened because the tank was negligently serviced by defendant High Gear Repair, Inc. The matter is before the court on High Gear Repair's Motion to Set Aside Default Judgment (Dkt. 13). High Gear, an Oklahoma corporation, seeks relief pursuant to Fed.R.Civ.Pr. 60(b) from the Default Judgment previously issued by the Court in favor of plaintiff Betty Hoskinson, arguing that the judgment is either void for lack of personal jurisdiction and due to excusable neglect.

Relief under Rule 60(b) is warranted only in exceptional circumstances. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). At the same time, default judgments are viewed with disfavor, *Cessna Fin. Corp. v. Bielenberg Masonry Contracting*, 715 F.2d 1442, 1444 (10th Cir.

1983), and the decision to permit relief "is left almost entirely up to the discretion of the trial court." *Greenwood Explorations v. Merit Gas and Oil*, 837 F.2d 423, 426 (10th Cir.1988). The burden falls upon the party moving to have the judgment set aside to both plead and prove mistake, inadvertence, surprise, or excusable neglect. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir.1990). The court finds that the defendant has met this burden, and is entitled to relief under Rule 60(b)(1) based upon excusable neglect.

Specifically, the court finds that the Complaint was served on Rocky Shaw, the President of High Gear Repair, an Oklahoma corporation doing business in Woodward County, Oklahoma. Although he is President of High Gear Repair, the defendant is a small trailer repair facility employing eight mechanics, and Shaw works directly with them performing mechanical work. The Complaint named "First Gear Repair, Inc." rather than High Gear as defendant in the action. In addition, High Gear was unusually busy at the time, and Shaw set aside the Complaint, which was then misplaced by a newly-hired secretary. After receiving an earlier demand letter, Shaw had contacted Sallee, Inc., and was told that Ronald Hoskinson was injured while working at the front of the trailer, and concluded that High Gear could not be responsible for the accident because all of its work was performed at the rear. Once it learned of the default judgment, High Gear moved promptly to employ counsel, contest the action, and file the present motion.

In addition, the court finds that High Gear has presented potentially meritorious defenses to the action, including questions of causation and comparing its own fault to that of the decedent, the employer, and the manufacturer of the trailer. Finally, the plaintiff has failed to demonstrate any prejudice from vacating the default judgment, other than having to prove her claims on the merits.

2

Given these findings as to excusable neglect, the court need not decide High Gear's additional claim of a lack of personal jurisdiction. Such a claim may be presented by a separate motion to dismiss.

IT IS ACCORDINGLY ORDERED this 12th day of April, 2012, that the defendant's Motion to Set Aside (Dkt. 13) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE