IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BETTY HOSKINSON,
Individually and as Surviving Spouse of
RONALD HOSKINSON, Deceased,

    Plaintiff,

v.                                       Case No. 11-1190-JTM-DJW

HIGH GEAR REPAIR, INC.,

    Defendant.

**MEMORANDUM AND ORDER**

The matter is presently before the Court on Defendant's Motion to Amend its Answer (ECF No. 59) and Plaintiff's Motion to Amend Complaint (ECF No. 66). In its motion, Defendant seeks leave to amend its answer to add certain defenses, including allegations that conscious pain and suffering is legally immaterial and an heir cannot recover for any damages that accrued to the decedent between the time of injury and death. After Defendant filed its motion to amend its answer, Plaintiff filed a motion to amend her complaint "to clarify and better state" her wrongful death and survivor's claims. As explained below, the Court denies Plaintiff's motion to amend her complaint as futile and finds Defendant's motion to amend its answer moot.

**I.    Background Facts**

On March 10, 2010, while working in Haskell County, Kansas, for his employer Sallee, Inc., Ronald Hoskinson caught his shirt sleeve in the unguarded power take off on an anhydrous ammonia tank trailer, which had previously been refurbished and serviced by Defendant. As a result, Mr. Hoskinson became entrapped in the device and suffered massive and traumatic injuries. He later died from those injuries on March 28, 2010.

On June 17, 2011, Mr. Hoskinson's spouse, Betty Hoskinson, filed a Petition for Issuance of Special Administration in the District Court of Gray County, Kansas, captioned *In the Matter of the Estate of Ronald Hoskinson*, Case No. 11 PR-11.[1] In her Petition, Ms. Hoskinson requested that she be appointed special administrator for the Estate of Ronald Hoskinson, deceased, and for the issuance of letters of special administration. The Petition further stated that Ronald Hoskinson died intestate and that Plaintiff had an interest in his estate as one of his heirs. The Petition further stated that the appointment was "necessary to pursue any potential surviving cause of action pursuant to K.S.A. 60-1801"[2] and that Ms. Hoskinson intended "to pursue an action for the wrongful death of Ronald Hoskinson, and, more specifically, for a survival action pursuant to K.S.A. 60-1801."

On June 20, 2011, the Gray County District Court issued Letters Testamentary under the Kansas Simplified Estates Act,[3] which stated:

> KNOW ALL PERSONS BY THESE PRESENTS:
> BETTY HOSKINSON, a resident of the state of Kansas, named as Special Administrator of the estate of Ronald Hoskinson, deceased, having been appointed and qualified as Special Administrator, is hereby granted Letters Testamentary issued under the Kansas Simplified Estates Act with full power and authority as provided by law.[4]

No other order, including an order appointing special administrator, was entered in the Gray County

---

[1] Pet. for Issuance of Special Administrator, Ex. 1 to Def.'s Response to Pl.'s Mot. to Amend Compl. (ECF No. 68-1).

[2] K.S.A. 60-1801 is the Kansas survival statute.

[3] The Court is uncertain why Letters Testamentary were issued when Plaintiff specifically requested the issuance of Letters of Special Administration and in light of the fact that the decedent died intestate.

[4] Ex. A to Pl.'s proposed First Am. Compl. (ECF No. 67-1).

action. The Gray County action was subsequently administratively terminated on January 9, 2012. No probate estate was ever opened.

On July 18, 2011, Plaintiff Betty Hoskinson filed this action "individually and as surviving spouse of Ronald Hoskinson, deceased." In her Complaint (ECF No. 1), she alleged that she "is the surviving spouse of Ronald Hoskinson and brings this action for damages sustained by Ronald Hoskinson, as well as her individual damages." Plaintiff further alleged in paragraph 20 of the damages section of her Complaint that "[a]s a result of negligent acts of the defendant Ronald Hoskinson suffered traumatic and extensive injuries, and conscious pain and suffering." She also alleged that as his surviving spouse, she "suffered the loss of spousal care, guidance, support and income, comfort, and mental anguish from the trauma and death of her husband, for which she claims damages."[5]

After Defendant failed to answer, Plaintiff filed a motion for default judgment on August 16, 2011. After holding a hearing on August 31, 2011, the Court granted the motion and entered an Order for Default Judgment and Damage Determination on September 1, 2011. The Order entered default judgment against Defendant in the total amount of $1,163,610.83, assessed as follows: Conscious pain and suffering $250,000.00; Wrongful death $250,000.00; Worker's compensation payments $411,607.63; and Lost income $252,003.20.[6]

---

[5]Compl. (ECF No. 1) ¶ 20.

[6]Order for Def. J. & Damage Determination (ECF No. 9).

On December 7, 2011, Defendant filed a motion to set aside the default judgment and dismiss complaint. Finding that Defendant had shown excusable neglect for its failure to answer, the Court granted the motion and set aside the default judgment on April 12, 2012.[7]

On February 26, 2013, Defendant filed the instant motion to amend its answer. Plaintiff filed her motion to amend the complaint on March 12, 2013.

On May 17, 2013, the Court convened the scheduled Final Pretrial Conference. After reviewing the parties' proposed Pretrial Order and pending motions to amend, the Court advised the parties that it was postponing the Final Pretrial Conference until it had resolved the pending motions to amend. The Court further advised the parties that it required additional briefing on some issues before it could rule on the pending motions. The Court thereafter entered an Order (ECF No. 80) setting out the six issues on which it needed additional briefing from the parties. Plaintiff filed her Response (ECF No. 84) on May 31, 2013. Defendant filed its Response (ECF No. 85) on June 4, 2013. Based upon those submissions, the Court is now ready to rule on the pending motions to amend.

## II.     Standard for Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading "once as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of a responsive pleading or a motion under Fed. R. Civ.

---

[7]*See* Mem. & Order (ECF No. 21).

P. 12(b), (e), or (f), whichever is earlier.⁸ Other amendments are allowed "only with the opposing party's written consent or the court's leave."⁹ Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."¹⁰ The court's decision to grant leave to amend a complaint after the permissive period is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.¹¹ The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."¹²

A party objecting to the proposed amendment on grounds of futility has the burden to establish its futility.¹³ A proposed amendment is futile if the amended claim would be subject to dismissal.¹⁴ In determining whether a proposed amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant

---

⁸Fed. R. Civ. P. 15(a)(1).

⁹Fed. R. Civ. P. 15(a)(2).

¹⁰*Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

¹¹*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

¹²*Id.* (quoting *Foman*, 371 U.S. at 182).

¹³*Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

¹⁴*Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

to Fed. R. Civ. P. 12(b)(6).[15] In doing so, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party.[16]

### III. Plaintiff's Motion to Amend Complaint (ECF No. 66)

In support of her Motion to Amend Complaint under Fed. R. Civ. P. 15(a), Plaintiff asserts that she is not adding any new claims or parties, but is only amending her complaint "to clarify and better state" the claims she set forth in her original complaint. However, a comparison of her proposed First Amended Complaint and her original Complaint reveals that Plaintiff is also seeking to amend the capacity in which she brings her claims. She seeks to amend the caption from "Betty Hoskinson, individually and as *Surviving spouse* of Ronald Hoskinson, deceased," to "Betty Hoskinson, individually and as *Special Administrator of the Estate* of Ronald Hoskinson."[17] She also seeks to amend Count VI of her complaint, entitled "Nature of Damages Actions," to add "Plaintiff brings this action on his behalf as Special Administrator of his estate, pursuant to K.S.A. 60-1801," and "Plaintiff brings this action on her own behalf and the decedent's other heirs-at-law, who ever they may be, pursuant to K.S.A. 60-1901."[18] She also seeks to add an allegation that she is the "Special Administrator of the Estate of Ronald Hoskinson, having been appointed to such position by District Magistrate Judge Joey D. Duncan, in the District Court of Gray County, Kansas, in Case No. 11 PR-11, on June 20, 2011."[19]

---

[15]*Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[16]*Anderson*, 499 F.3d at 1232.

[17]First Am. Compl. (ECF No. 67-1) (emphasis added).

[18]*Id.* at 6.

[19]*Id.* at 1-2.

Defendant objects to Plaintiff's proposed amendment, arguing that she is attempting to plead that she is the special administrator of her deceased husband's estate and add a survival claim pursuant to K.S.A. 60-1801. Defendant argues that it would be futile to allow such amendment because Plaintiff lacks the capacity to bring a survival claim as there is no order appointing her as special administrator. Defendant further argues that the proposed amendment is futile because any such claim would be time barred.

Under Kansas law, a cause of action for wrongful death, under K.S.A. 60-1901 *et seq.,* is a separate and distinct type of action from a survival action, which is authorized by K.S.A. 60-1801 *et seq*. A wrongful death action may be brought by "any one of the heirs at law of the deceased who has sustained a loss by reason of the death."[20] Compensable damages to the heirs in a wrongful death action include pecuniary, as well as nonpecuniary damages, such as loss of support, loss of companionship, and mental anguish, sustained by the heirs on account of the decedent's death.[21] A survival action, on the other hand, is brought by the personal representative of the decedent's estate in order to compensate the estate for the damages sustained by the decedent between the date of injury and death as a result of the defendant's wrongful act or omission.[22] Kansas law requires

---

[20]K.S.A. 60-1902 ("The [wrongful death] action may be commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of the death. Any heir who does not join as a party plaintiff in the original action but who claims to have been damaged by reason of the death shall be permitted to intervene therein. The action shall be for the exclusive benefit of all of the heirs who has sustained a loss regardless or whether they all join or intervene therein, but the amounts of their respective recoveries shall be in accordance with the subsequent provisions of this article.").

[21]K.S.A. 60-1903 and K.S.A. 60-1904. *See also Mason v. Gerin Corp.*, 231 Kan. 718, 721, 647 P.2d 1340, 1343 (1982) ("the wrongful death action authorized by 60-1901 et seq., is for the exclusive benefit of the heirs, and allows them to recover damages accruing after death for such things as loss of support, companionship and mental anguish").

[22]*Mason*, 231 Kan. at 721, 647 P.2d at 1343. *See also* K.S.A. 60-1801 ("In addition to the
(continued...)

that a survival action must be maintained by the decedent's personal representative and cannot be prosecuted by a decedent's heirs.[23]

Here, Plaintiff cannot prosecute the survival claim in her capacity as the surviving spouse of the decedent, but may only prosecute it in her capacity as the special administrator of his estate. She now seeks leave to amend her complaint to change the capacity in which she brings the survival claim.

The problem with Plaintiff's request is that she has not been appointed as special administrator of the estate of Ronald Hoskinson, deceased. No order appointing her as special administrator of the estate was ever entered. The document that Plaintiff claims appointed her, the Letters Testamentary Issued Under the Kansas Simplified Estates Act, entered by Gray County District Court Magistrate Judge Duncan on June 20, 2011, does not appoint her as special administrator. Letters Testamentary, Letters of Administration, and Letters of Special Administration serve different purposes than an order appointing administrator or order appointing special administrator.[24] Letters ordinarily issue along with an order appointing an administrator or special administrator and

---

[22](...continued)
causes of action which survive at common law, causes of action . . . , or for an injury to the person, . . . , or for death by wrongful act or omission, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same.").

[23]*Cory v. Troth*, 170 Kan. 50, 52–53, 223 P.2d 1008, 1011 (1950); *Howe v. Mohl*, 168 Kan. 445, 449, 214 P.2d 298, 301 (1950). *See also Hembree v. Tinnin,* 807 F. Supp. 109, 110 (D. Kan. 1992) ("For purposes of a survival action, however, case law has established that the decedent's action survives to the decedent's 'personal representative—not to his heirs.'"); *Shinkle v. Union City Body Co.*, 94 F.R.D. 631, 637 (D. Kan. 1982) ("Kansas law requires that a survival action must be maintained by the personal representative of the decedent and cannot be prosecuted by a decedent's heirs.").

[24]*See* Kansas Judicial Council Probate Forms 3d (Supp. 2011), Forms 544, 605, 609, 1103, 1106.

are issued to grant the appointed executor or administrator the power to perform certain duties with respect to the decedent's estate. In the case of an order appointing a special administrator, the order must also state the duties of the special administrator.[25]

In this case, the Letters Testamentary is not an order appointing Plaintiff as special administrator of her late husband's estate. While the Letters Testamentary refers to Plaintiff as "named as Special Administrator of the estate of Ronald Hoskinson, deceased, having been appointed and qualified as Special Administrator," it does not specifically appoint her as special administrator, grant or even reference her petition for issuance of special administration, reference the applicable statute for appointing a special administrator, or set out the duties as special administrator as required by K.S.A. 59-710. The Court therefore finds the Letters Testamentary issued by the Gray County District Court is not sufficient by itself to constitute an order appointing Plaintiff as special administrator of Ronald Hoskinson's estate.[26]

Plaintiff argues that the Court cannot collaterally attack a state court order and the Letters Testamentary is a duly qualified state court order that is entitled to the full faith and credit. She also argues that under Kansas law, probate orders are to be liberally construed in order to give force and effect to the intention of the probate code and purpose of the probate pleadings. She argues that the facts show that her petition filed in state court sought an order appointing her as special

---

[25]*See* K.S.A. 59-710 ("The duties of a special administrator shall be stated in the order of appointment.").

[26]*See Unzueta ex rel. Estate of Unzueta v. Schalansky,* No. 99-4162-RDR, 2002 WL 31730928, at *2 (D. Kan. Nov. 4, 2002) (reading order of special administration according to its plain language instead of attempting to interpret the language in light of the alleged intent of the probate court and the parties).

administrator of the estate and that the state court judge granted that request even though it was never memorialized in a written order.

If there was an order appointing Plaintiff as special administrator, the Court would agree with Plaintiff that it would not be subject to collateral attack in this action.[27] However, in this case, Plaintiff has attached the Letters Testamentary to her proposed First Amended Complaint and referenced it as the state court order that appointed her as special administrator of the estate, which would entitle her to bring a survival action on behalf of the estate in this case. A review of the Letters Testamentary shows that it is not an order appointing Plaintiff as special administrator. Based upon the parties' additional briefing, the Court concludes that there is in fact no order which appoints Plaintiff as special administrator notwithstanding the facts that Plaintiff filed a petition requesting that she be appointed special administrator, as well as language in the Letters Testamentary suggesting that she had been appointed as such. In the absence of such an order, Plaintiff cannot proceed in this action as the special administrator.

As Plaintiff has not been appointed as special administrator of Ronald Hoskinson's estate, it would be futile to allow her to amend her complaint to reflect that she is bringing the survival claim as special administrator of the estate. The Court therefore denies her Motion to Amend Complaint. Such denial is without prejudice to further motion in the event Plaintiff is able to obtain an order appointing her as special administrator of Ronald Hoskinson's estate or otherwise show that she has been appointed special adminstrator.

---

[27]*See Atchinson, Topeka & Santa Fe Ry. Co. v. Preston*, 257 F.2d 933, 935 (10th Cir. 1958) (state court probate order appointing administratrix was not open to collateral attack in action brought by administratrix).

**IV.     Defendant's Motion to Amend its Answer (ECF No. 59)**

Defendant has filed a motion seeking leave to amend its answer to add certain defenses, including allegations that conscious pain and suffering is legally immaterial and an heir cannot recover for any damages that accrued to the decedent between the time of injury and death. As the defenses that Defendant seeks leave to add pertain to Plaintiff's survival claim and the Court has denied Plaintiff leave to amend her complaint as to that claim, the Court finds that Defendant's Motion to Amend its Answer is now moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 66) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Amend its Answer (ECF No. 59) is found to be moot.

**IT IS FURTHER ORDERED THAT** the Final Pretrial Conference is rescheduled for **June 26, 2013 at 3:00 p.m.** The proposed Pretrial Order is due by **June 19, 2013**.

Dated this 13th day of June 2013 at Kansas City, Kansas.

                                            S/ David J. Waxse
                                            David J. Waxse
                                            United States Magistrate Judge